**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Jesus Carmona,

Petitioner,

v.

Dick Ross,

Respondent.

**ORDER**

Civil No. 00-1450 (MJD/ESS)

---

Jesus Carmona, pro se Petitioner.

No appearance for Respondent.

---

Petitioner filed a Petition for Writ of Habeas Corpus on June 13, 2000, and the Magistrate Judge provided this Court with a Report and Recommendation, dated June 26, 2000, [Docket No. 5] recommending—among other things—that Petitioner's writ be dismissed without prejudice because Petitioner failed to exhaust state remedies. This Court adopted the Report and Recommendation in an Order dated November 1, 2000, [Docket No. 12] dismissing the case without prejudice. The case was closed and judgment was entered on November 1, 2000.

Petitioner filed a second Petition for Writ of Habeas Corpus on May 3, 2001, and that case was assigned Civil Docket Number 01-774 (MJD/ESS). The Magistrate Judge filed a Report and Recommendation that the second Petition be dismissed without prejudice because the Court lacks jurisdiction over the Respondent, the Warden at the Allen Correctional Center in Louisiana. The Court

Adopted the Report and Recommendation [Docket No. 8], and the second case was closed on August 14, 2001.

On January 19, 2005, Petitioner filed a letter [Docket No. 18] notifying the Court that the Minnesota Supreme Court rejected his appeal on March 13, 2001. But Petitioner does not provide any evidence, other than his brief statement in the letter, of the Minnesota Supreme Court's decision. In his letter, Petitioner apparently seeks the Court's re-examination of the instant case. Because this case has been closed, and in light of the substance of Petitioner's letter, the Court shall interpret the letter as a motion to reconsider under Federal Rule of Civil Procedure 59(e). See Schoffstall v. Henderson, 223 F.3d 818, 827 (8th Cir. 2000) (holding that Rule 59(e) applies to motions made in response to final orders).

The decision on a motion for reconsideration rests within the discretion of the district court. Id. When a motion "merely restated the arguments . . . made in opposition to the . . . summary-judgment motion and provided no additional reasons why summary judgment was inappropriate," the district court does not abuse its discretion in denying the motion. Id. Here, the same proposition applies to Petitioner's reconsideration of the

Petitioner presents no new legal arguments in support of his motion for reconsideration but instead repeats the same legal arguments in his prior filings. Petitioner's only additional factual evidence is his unsupported declaration that the Minnesota Supreme Court denied his appeal on March 13, 2001. It is true that

this case was dismissed without prejudice based on failure to exhaust administrative remedies, but the second, related case—Civil Docket Number 01-774—made it clear that dismissal was also appropriate because this Court lacks jurisdiction over the Respondent, a Louisiana resident. United States v. Monteer, 556 F.2d 880, 881 (8th Cir. 1977) ("Habeas corpus jurisdiction lies only when petitioner's custodian is within the jurisdiction of the district court."); see McCoy v. United States Board of Parole, 537 F.2d 962 (8th Cir. 1976) ("The custodian is, in most circumstances, the warden of chief administrative official of the correctional institution in which the petitioner is incarcerated."). As such, the Court hereby adopts its analysis in that subsequent, related case.

The Court has reviewed both its Order in the instant case, dated November 1, 2000, and in the related case, dated August 14, 2001, and it concludes that those decisions contain no error of law or fact. Thus, even if Petitioner's motion were brought under Federal Rule of Civil Procedure 59(e), it would be denied.

Based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner's Motion for Reconsideration [Docket No. 18] be **DENIED**.

Dated: July 13, 2005

s/ Michael J. Davis
Judge Michael J. Davis
United States District Court