original

RECEIVED BY U.S. MAIL
05 AUG -1 PM 9:20
CLERK, U.S. DIST. COURT MINNEAPOLIS, MN

United States District Court
District of Minnesota

Jesus Carmona

vs

Dick Ross

Civil Action 00-CV-1450 MJD/ESS
MJD/ESS

Motion to Vacate Judgment a void Judgment

Now into Court comes, petitioner Jesus Carmona, who respectfully moves this honorable court to vacate a void Judgment and re-instate original petitioner's Writ of Habeas Corpus, pursuant to Title 28 U.S.C. Section 2241.(c)(3); For the Following reasons to wit:

1.

Jurisdictional Statement

a.

This action arises under the Constitution of the United States Article I, Sections 9, par. 2; Section 10; Article IV, Sections 1; Section 2; the First, Fourth, Fifth, Sixth, Eighth and the Fourteenth Amendments to the United States Constitution; Title 28 U.S.C.A. Sections 2241.(c)(3); Section 1367; 1331 and any other Jurisdictions that is applicable in this case as a matter of Law and Justice.

b.

Jurisdiction is also invested in this court pursuant to and interpreted by Mc William v. State of Colo. 121 F.3d

SCANNED
AUG 01 2005
U.S. DISTRICT COURT MPLS

573 (10th cir 1997); United States v. Foster, 4 Fed. Appx. 605 (2001); Dunne v. Henman, 875 F.2d 244 (9th cir 1989); Harris v. Ciccone, 417 F.2d 479 (8th cir 1969) Cert. den. 90 S.ct. 1528 (1970); Carafas v. LaVallee, 88 S.ct. 1556

2.

## Statement of the Facts

1. On May 21, 2000 while home, petitioner was abducted by an unidentified Deerwood City Police Officer, under the fraudulent claim; that, petitioner was wanted by the State of Louisiana. No arrest warrant was shown or produce at time of abduction. Petitioner was arrested under the threat of a load gun.

2. On May 21, 2000 after being force into a police car and brought to the Brainerd City Jail. Petitioner demanded his immediate release and production of the alleged arrest warrant. The Sheriff deputies refused and placed petitioner in Jail.

3. On May 23, 2000 through Public Defender, petitioner filed a Pro se Writ of Habeas Corpus into the Court, inter alia, unlawful Parole Warrant, etc. Petitioner was denied immediate release and production of Arrest warrant for detention.

4. On May 30, 2000 Petitioner amended his Writ of Habeas Corpus. No assistance provide by the Public Defender Office, in perfecting his Writ of Habeas Corpus. The Court still refuse to release the Petitioner.

5.

5. On June 12, 2000 Petitioner appears before Judge John R. Leitner, the Court refuse to produce a Valid Arrest warrant to establish State's Jurisdiction and Authority to hold petitioner. Public Defender Office, continue to deprive petitioner adequate, effective and meaningful, legal representation or assistance.

6. On June 13, 2000 Petitioner initiate Federal Writ of Habeas Corpus, in the United States District Court, District of Minnesota Case number 00-CV-1450.

7. On June 23, 2000 the Public Defender Office and the Minnesota's District Attorney Office, conspire to violate petitioner's Due Process "Procedural and Substantial" liberty interest rights. rushing petitioner into an uncalculate or schedule hearing. to unlawfully extend the court's detention order, after the time to extend detention had elapsed approximately by four days. Over petitioner's furious objections and demands for immediate release. The Court ordered petitioner held in prison contrary to the Constitution, laws and treaties of the United States.

8. On June 26, 2000 The United States Dismissed petitioner's Federal Writ of Habeas Corpus, without prejudice, pending exhaustion of an non existancing State Remedies. Petitioner not aware, this court's ruling violated 28 U.S.C. § 2241.(c)(3) where Congress did not required any State Remedies exhaustion pursuant to 28 U.S.C. § 2241.(c)(3). Constituting a Void Judgment under Rule 60.(B)(4) of The Fed. R. Civ. Pro.

9. On June 29, 2000 petitioner appeal the State Court denial of June 23, 2000. (App. Ct. File No. C0-00-1119).

10. On July 24, 2000 the State's detention order elapsed and the State loss Jurisdiction. State claimed they needed more time to obtain a Revolution Warrant. Petitioner's Demand for immediate release and production of a Valid State Court Arrest Warrant was denied. The Court ordered petitioner to be held in prison, contrary to The Constitution, Laws and treaties of the United States.

11. On July 25, 2000 Chief Judge Toussaint dismissing pro se appeal of June 29, 2000 as premature.

12. On August 3, 2000 the Court continue to deny petitioner's furious demand for release and production of ANY Court issue arrest warrant. The Public Defender Office continue to refuse to protect petitioner's Constitutional Rights. Petitioner requested Recusal of Judge, and was granted.

13. On August 14, 2000 Judge David J. Ten Eyck, Asst. D.A. John Sausen and David Hermerding, conspired to deprive petitioner his due process hearing rights and legal representation guaranteed by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States.

14. On August 15, 2000 Judge David J. Ten Eyck, entered a Fraudulent Judgment to extradite petitioner back to Louisiana without a due process issued arrest warrant, for his arrest, contrary to the United States Supreme Court Opinion in Michigan v. Doran, 99 S.Ct. 530, 535 (1978) Violating all four requisite set forth by the Supreme Court. Petitioner sought appeal.

15. On January 30, 2001 the Court of Appeal affirmed the erroneous fraudulent ruling given by David Ten Eyck.

16. Petitioner sought Writ of Review to the Minnesota Supreme Court, January 30, 2001 through the Public Defender Appeal Board.

17. On Febauary 5, 2000 Sheriff Dick Ross, Asst. D.A. John Sausen, Clandestine petitioner to Louisiana, despite Petitioner's Appeal Attorney informed Sheriff Dick Ross, on Feb. 5, 2000. That, extradition was illegal due to appeal filed before the Minnesota Supreme Court; demanding Sheriff to return Petitioner to Brainerd City Jail. Sheriff refused.

18. On March 13, 2001 the Minnesota Supreme Court rejected petitioner's Appeal, without reasons.

19. On May 3, 2001 This court received petitioner's notification of Final Exhaustion of State Remedies, seeking reopening of his case number 00-CV-1450. The Court assigned new docket number 01-774.

20. On August 14 2001 this court dismissed without prejudice, siting it lack Subject-matter Jurisdiction, because petitioner was unlawfully and forcefully removed from this court's Jurisdiction, against petitioner's will and Consent.

21. Petitioner appealed and the Court of Appeal, affirmed this court's ruling.

Reasons For Granting Motion to Vacate

This is an action concerning the Racketeering practices by Louisiana State Corrupt Officials Kidnapping petitioner through co-conspirators of Minnesota's State Actors.

Habeas Corpus is means by which one who claims to have been held in illegal custody of another has right to have legality of his custody determined, and the writ proceeds against the custodian since, if it is found that

custody is illegal, custodian is directed to discharge the person detained. United States ex rel. Elliott v. Hendricks, 213 F.2d 922, Cert. den. 75 S.Ct. 77 (1954).

On June 13, 2000 petitioner initiated this action for Federal relief of an illegal custody in violation of the Constitution, Laws and Treaties of the United States, pursuant to 28 U.S.C. Section 2241.(c)(3). Under 28 U.S.C. 2241.(d) and Section 2254. This court would not have subject-matter Jurisdiction; since he was not in custody pursuant to a State Court Conviction or Sentence. See 28 U.S.C. Section 2241.(d) and 2254 et seq.

This court, none-the-less, compelled petitioner to seek exhaustion of State remedies, which is not a mandated requirement of Congress, under 28 U.S.C. §2241.(c)(3).

Federal Courts are not courts of general jurisdiction; they have only the power that is authorized by Article III, of the United States Constitution and Statutes enacted by Congress pursuant thereto. Bender v. Williamsport, 106 S.Ct. 1326, 1331 (1986) (and cases cited therein.)

In the instant case, On May 21, 2000 petitioner was abducted from his lawful home in the State of Minnesota; solely upon an non-existing arrest warrant; based upon fraudulent and unsupported claims that petitioner was wanted by the State of Louisiana, for a breach of a "civil agreement" of Parole.

As a "Law-abiding, and natural born and birth citizen of

of the United States. It was the duty and obligation of every State and Federal official, to protect the due process and equal protection of the Laws rights and privileges, of the petitioner. Inasmuch as, it was the nicety of the State of Minnesota, that said arrest warrant and allegations of the Louisiana Parole Board; were Legal and accurate, before abducting the petitioner on May 21, 2000.

Mis-use of powers, possessed by virtue of State Law and made possible only because the wrongdoer is clothed with the Authority of State Law, is action taken under color of State Law. Monroe v. Pape, 365 u.s. 167, at 184, quoting United States v. Classic, 313 U.S. 325, 326 (1941); accord, West v. Atkins, 487 u.s. 42, at 50; Brown v. Miller, 631 F. 2d 408, 411 (5th cir 1980). The Supreme Court has also equated "Color of Law" with the "Pretense" of Law. Screws v. United States, 325 U.S. 91, 111 (1945).

The gist of kidnapping is the intentional taking of a person and compelling him to be detained against his will. State v. Rainer, 103 N.W. 2d 389; accord Kleidon v. Glascock, 215 Minn. 417 (1943) (False-imprisonment has been defined as 'any imprisonment which is not Legally Justifiable. 3 Dunnell, Supp. 3728; Vernes v. Phillips, 266 N.Y. 298, 194 N.E. 762, 763. In Anderson v. Auerbeck, 189 Minn. 224, 225, we said: ... in the same case at the same page, we also held -: "All those who, by direct act or indirect procurement, personally participate in or proximately cause the false imprisonment or unlawful detention, are joint-tort

-Feasors." citing numerous authorities.) A jailer or prison-superintendent can be held liable for false-imprisonment in an action by a prisoner detained beyond expiration of his sentence, ~~[illegible]~~ Peter v. Lutz, 3 .N.W.2d 489 (1942)

Petitioner, claimed his custody was illegal and violated the Constitution, Laws and Treaties of the United States; and at no time, did petitioner claimed that said custody was pursuant to a State Court Judgment, sentence or conviction.

Therefore, This court lack proper Subject-matter Jurisdiction to dismiss his original petition on June 26, 2000; For failure to exhaust State remedies. Pursuant to 28 U.S.C. § 2241.(C)(3), This court was obligated to proceed with his petition, despite the fact, that an action was pending in State Court.

Since habeas corpus is an extraordinary remedy whose operation is to a Large extent uninhibited by traditional rules of finality and federalism, its use has been Limited to cases of special urgency, Leaving more conventional remedies for cases in which restraints on Liberty are neither severe nor immediate. Hensley v. Municipal Court, 93 S.Ct. 1571 (1973). Writ of Habeas corpus was designed to protect every person from being detained, restrained, or confined by any branch or agency of the government. Scaggs v. Larsen, 90 S.Ct. 5 (1969); Johnson v. Avery, 89 S.Ct. 747 (1969) (basic purpose of Writ of Habeas Corpus is to enable those unlawfully incarcerated to obtain their freedom.)

The dismissal by this court was a void Judgment, based upon numerous errors, which is being presented herein.

Despite the fact this court dismissed the writ, upon an erroneous findings and assumption of law. This court breached its contractual obligations of its ruling; dismissing petitioner's writ, after exhaustion of State remedies; fraudulently claiming this court lack Jurisdiction because petitioner was forcefully kidnapped and clandestine out of the State of Minnesota, in Direct violation of the Constitution, Laws and Treaties of the United States. Punishing the petitioner and denying him access to the Courts, because of actions; ~~and~~ solely committed by Corrupt State officials; which petitioner had no say or control of. Dismissing his petition because petitioner was no longer in the Territories and Jurisdiction of this court.

The fact that a prisoner is outside the territorial limits of a federal Court does not deprive it of subject-matter Jurisdiction. Duane v. Herman, 875 F.2d 244 (9th cir 1989)

A district court has subject-matter Jurisdiction over a habeas Corpus petition alleging a violation of federal law under Federal Question Jurisdiction. 875 F.2d at 248,-50

Of course, parole or subsequent removal of a petitioner from the district with Jurisdiction at time a habeas petition is filed does not divest the court of its Jurisdiction. See Barden v. Keohane, 921 F.2d 476, 477; Harris v. Ciccone, 417 F.2d 479 (8th cir. 1969) Cert. Den. 90 S.ct. 1528 (1970).

This court errored in dismissing petition without providing petitioner a Due Process hearing to be heard and established proper subject-matter Jurisdiction. Under this section providing that "The court shall summarily hear and

determine the facts," district Judge personally must hold evidentiary hearing in federal habeas corpus cases. Wingo v. Wedding, 94 S.Ct. 2842 (1974).

The primary purpose of a habeas corpus proceeding is to make certain that petitioner is not unjustly imprisoned, and if for some justiable reason he was previously unable to assert his rights or was unaware of the significance of relevant facts, it is neither necessary nor reasonable to deny him all opportunity of obtaining Judicial relief. Price v. Johnston 68 S.Ct. 1049 (1948).

The fundamental requirement of due process is "the opportunity to be heard." Grannis v. Ordean, 34 S.Ct. 779, 783 (1914). The purpose of this requirement is not only to ensure the abstract concept of fair play, but also to prevent the arbitrary deprivation of a liberty interest. Fuentes v. Shevin, 92 S.Ct. 1983 (1972). The opportunity to be heard should be granted at a meaningful time and in a manner which is appropriate to the nature of the situation. Armstrong v. Manzo, 85 S.Ct. 1187 (1950). It "must be tailored to the capacities and circumstances of those who are to be heard." Goldberg v. Kelly, 90 S.Ct. 1011, 1020-21 (1970).

Once a constitutional violation is found, a federal court is required to tailor "the scope of the remedy" to fit "the nature and extent of the constitutional violation." Hill v. Gautreaux, 96 S.Ct. 1538, 1544-45 (1976), quoting Milliken v. Bradley, 94 S.Ct. 3112, 3126 (1974).

Relief may also be granted where the judgment or order is void, whether because the Court lacked jurisdiction over the subject matter, lacked personal jurisdiction over the parties, acted in some manner inconsistent with constitutional due process, or otherwise acted beyond the powers granted to it under the Law. Carter v. Fenner, 136 F.3d 1000, 1006 (5th cir. 1998), cert. den., 119 S.Ct. 591 (1998). When a motion challenges a judgment as void, the district court lacks discretion: either the judgment is void (in which case relief must be granted) or it is not. Carter, supra.

Federal habeas relief is normally not available until after the petitioner has already sought relief in State Court. (28 U.S.C. 2241.(d); 2254) Indeed, so long as the petition is filed in district court while sentence or parole release conditions are operative, custody attaches and is not defeated by the subsequent expiration of those ~~custodial~~ custodial restraints before the petition is actually decided. Carafas v. LaVallee, 391 U.S. 234 (1968); Pinell v. Cauthron 540 F.2d 938 (8th cir. 1976)

Petitioner's Fourth Amendment Claim is a fundamental defect which inherently resulted in a gross miscarriage of Justice. (Davis v. United States, 417 U.S. 333, 346 (1974). A Claim so fixed in the Constitution, that could not be ignored at any level in this case. Its the sole principle of any court Jurisdiction to hold a person against his will and consent.

Subsequently, this case has nothing to do with a State court conviction or Sentence. Petitioner is a victim of a Racketeering scheme, concocted by State officials to use their State powers to make a profit by Fraud and Missrepresentation of the laws.

The rule to be applied in view of the recited facts is That, since Fraud renders voidable everything into which it enters, the Court will look through any From of instrument or proceeding in order to prevent a party from profitting by his Fraud; that the court will not take a single step to save harmless the party who is guilty of fraud, and That no right can arise out of a Fraudulent act. 3 Dunnell, Dig. + Supp. § 3834, and cases under notes 99 and 1.; Magee v. odden 220 Minn. 498, 20 N.W.2d 87 (1945); L.C.L. Theatres v. Columbia Pictures industries, 566 F.2d 494 (5th cir 1978). See Also Hvass v. Graven, 257 F.2d 1 (8th cir 1958) (essential elements of the crime of perjury as defined in 18 U.S.C.A. Section 1621)

Here, petitioner was abducted under a perjury and False claim of being on parole and still serving a sentence That became Final in November of 1995, by State actors That was under oath authorized by a Law of the United States and a State of the United States; taken before a competent officer; making False statements willfully as to material Facts before a Court of Law. United States v. Debrow, 74 S. ct. 113 (1953). Purpose is to ensure that litigants are relieved From Judgments

unfairly obtained, not just factually incorrect; thus, if litigants were capable of fully and fairly presenting their case, notwithstanding the Fraud, Rule 60(b)(3) relief may be granted. Assmann v. Fleming 159 F.3d 332 (8th cir 1997) (noting possibility of relief, irrespective of whether the fraud is considered "extrinsic" or "intrinsic")

In the instant case, This court erred in dismissing petitioner's original action on June 26, 2000 and on August 14, 2001; without first providing petitioner an opportunity to offer reason and evidence, that this court retained Subject-matter Jurisdiction and Exhaustion of State Remedies were inapplicable to their case pursuant to 28 U.S.C.A. Section 2241. (c)(3), inclusively. Which deprived petitioner protection against aggravated Kidnapping and Racketeering by State officials, who has used their ~~and~~ badges under the Color of State Law, to make a profit at the expenses of Tax-payers and petitioner's life, liberty and property.

Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal. (18 U.S.C. § 2) Whoever, having knowledge of the actual commission of a felony cognizable by a Court of the United States, conceals and does not as soon as possible make known the same to some Judge or other person in civil or military authority under the United States, Shall be fined under this title or imprisoned not more than 3 yrs or both. (18 U.S.C. § 4)

If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, territory, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or Laws of the United States, etc. (18 U.S.C. § 241) Whoever, under color of any Law, Statute, ordinance, regulation, or custom, willfully subjects any person in any State, territory, etc., to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or Laws of the United States, etc. (18 U.S.C. § 242)

These are all issues, that are redressable under 28 U.S.C. 2241.(c)(3); which petitioner could not be compelled to forgo Exhaustion of State Remedies; before seeking redressed by a Federal Court, that said custody was ascertain in violation of the Constitution, Laws and treaties of the United States.

The gist of this case, is not relief from an illegal custody pursuant to an illegal Judgment, Sentence or conviction, procured by a State Court. On the Contrary, This action was initiated on the sole claimed, viz., (1) On May 21, 2000 petitioner was aggravately kidnapped from his lawful home, by a police officer without legal authority or pursuant to an arrest warrant officially issued by any State Court; (2) That he was denied due process and Equal protection of the Laws, by State officials acting under the color of or Pretense of the Laws, falsely imprisoning him without being accused or formerly charged of committing a felony punishable by imprisonment; inter alia

Petitioner aver, the court erred in denying petitioner a due process Plenary hearing to show legal cause, for granting relief; from an unlawful abduction and extradition, to the State of Louisiana. After the fact, the original petition; after being filed timely, and initiated well before the illegal Extradition; of the petitioner on Feburary 5, 2001, before final exhaustion of State remedies.

The court dismissed the original petition on June 26, 2000 without prejudice; pending exhaustion of State remedies. It is a gross miscarriage of justice; to penalize and bar petitioner a redress of greivenances; For a criminal act committed by State officials; which petitioner had no will or control of. If it wasn't for the criminal acts committed by State officials; in extraditing petitioner by Force and against his will or consent. The question of personal Jurisdiction of the court; would not have been an issue.

It is a gross injustice, to allow a criminal act, by corrupt State officials, using their badge of the law; to deprive petitioner of adequate, effective and meaningful, access to the courts. In allowing an unlawful extradition to stand, open the door, for other States to use; to avoid Federal Courts from reviewing and ruling upon unlawful practices and deprivations, by State courts. All a State have to do, to avoid the federal courts from undoing a miscarriage of Justice, committed by State actors. As to

transfer the petitioner outside of the courts territory Jurisdiction and venue.

It is unamerican, for a Federal court, to condone an illegal extradition without due process and equal protection of the ~~laws~~ Laws; committed by State actors. Acts which are statutorily criminal; and punish an innocent petitioner for crimes he did not commit, or was a willing party too.

The Constitution, laws and Treaties of the United States; does not allow criminal acts by State officials, to deprive a citizen of the United States their day in court. On the contrary, the Constitution, laws and Treaties of the United States, protect every naturally born and birth, citizen of the United States; the protection of Due Process and equal protection of the Laws, under the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendment to the United States Constitution.

Conclusion

Wherefore, petitioner prays after due consideration and application of the Constitution, laws and Treaties of the United States; and the interest of Justice.

Upon the court's finding that this action was originally Stayed pursuant to a dismissal without prejudice because this court erroneously compelled petitioner to forego an exhaustion of State remedies; contrary to the Congressional provision of 28 U.S.C. Section 2241.(C)(3); which does not have nor, required an exhaustion of State remedies.

That, upon review of the State Court records, showing that petitioner was extradited to Louisiana before the Minnesota Supreme Court rejection of his Writ of review, without reasons on March 13, 2001.

It be ruled, that the State of Minnesota, illegally extradited petitioner in violation of the Due Process and Equal Protection of the laws clauses of the First, fifth, Sixth, Eighth and fourteenth Amendments to the United State Constitution.

Holding, that said criminal acts committed by State officials, should not be use as a bar, or to divest this court of its Subject-matter Jurisdiction.

Ordering petitioner's Motion to vacate be granted and a Rule to Show Cause be ordered upon the State of Minnesota; why petitioner's Writ of Habeas Corpus should not be granted; and ~~Ordered~~ should not be ordered return to the State of Minnesota and released.

Petitioner states that the above Statements are True and correct to the best of his Knowledge and Beliefe, under the penalty of perjury this 29 Day of July, 2005

Respectfully Submitted by

[signature]

Jesus Carmona, #105961
E.H.C.C. P.O. Box 174
St. Gabriel, La. 70776

United States District Court
District of Minnesota

Jesus Carmona C.A. No: 00-CV-1450 MJD/ESS

vs

Dick Ross

Date July 29, 2005

To Clerk of Court
U.S. Dist. Court, Dist of Minn
300 South Fourth Street
Minneapolis, Mn 55415

RECEIVED BY U.S. MAIL
2005 AUG -1 AM 9:30
CLERK U.S. DIST COURT MINNEAPOLIS, MN

one original & one to mj

Dear Clerk of Court

Please find inclose Two original copies of petitioner's Motion to vacate a Void Judgment.

Please filed into The Court records and present to the Judge For ruling.

Furthermore, can you please send me a complete copy of the above entitled caption case and number, Docket Master Sheet

Respectfully Yours

Jesus Carmona

Jesus Carmona

Jesus Carmona, # 105961
E.H.C.C. P.O. Box 174
St. Gabriel, La. 70776

Jesus Carmona, #105961
E.H.C.C. P.O. Box 174
St. Gabriel La 70776

UNITED STATES POSTAGE
PITNEY BOWES
$ 01.75⁰
02 1A
0004381067 JUL 29 2005
MAILED FROM ZIP CODE 70776

To Clerk of Court
United State District Court
District of Minnesota
300 South Fourth Street
Minneapolis, Minn 55415

RECEIVED
BY MAIL
AUG [illegible]
CLERK US DIST COURT
MINNEAPOLIS MN